IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

        v.                                        Criminal No. 3:92cr068-3 (DJN)

JAMES H. ROANE,
    Defendant.

## ORDER
### (Requiring Signed § 2255; Setting Briefing Schedule)

This matter comes before the Court on an Order received from the United States Court of Appeals for the Fourth Circuit authorizing Defendant to file a second or successive § 2255 motion in the District Court. (ECF No. 147.) Attached to the Fourth Circuit's Order was a copy of Defendant's proposed 28 U.S.C. § 2255 Motion and Supporting Memorandum ("Proposed § 2255 Motion"). However, Defendant did not sign the Proposed § 2255 Motion.

Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings requires that motions pursuant to 28 U.S.C. § 2255 "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rules Governing § 2255 Proceedings for the U.S. District Courts, Rule 2(b)(5). The Advisory Committee Notes to Rule 2(b) explain: "The Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner." *Id.*, advisory committee notes, 2004 Amend. (citation omitted). The "'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of

the detained person, who remains the real party in interest.'" *Hamdi v. Rumsfeld*, 294 F.3d 598, 603 (4th Cir. 2002) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "[T]he availability of next friend standing as an avenue into federal court is strictly limited . . . ." *Id.*

> To establish "next friend" standing:
>
> First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Id.* (quoting *Whitmore*, 495 U.S. at 163–64).

The current submission fails to demonstrate that counsel qualifies as a "next friend" for Defendant. Counsel fails to demonstrate why Defendant could not simply fill out the standardized 28 U.S.C. § 2255 form and prosecute the action on his own behalf. *See Aguilar v. Bragg*, 463 F. App'x 333, 334 (5th Cir. 2012); *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 623 (11th Cir. 2007); *Tate v. United States*, 72 F. App'x 265, 267 (6th Cir. 2003).

Accordingly, the Court hereby DIRECTS Defendant to submit, within twenty (20) days of the date of entry hereof, a § 2255 motion complying with Rule 2. Once submitted, the Clerk shall then file the signed § 2255 motion as a separate document and assign it an appropriate civil action number. The Court will proceed on the signed § 2255 as the operative § 2255 motion. The Government shall then file a complete, fully briefed

response to that motion within sixty (60) days of service. Any reply by Defendant shall be filed within thirty (30) days thereafter.

Additionally, counsel are reminded that any attorney filing a motion or making an appearance on behalf of Defendant must be a member of the bar of this Court or admitted pro hac vice. All counsel are required to comply with the Local Rules of this Court at all times.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: January 31, 2022