AO 243 (Rev. 01/15)

# Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for a relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgement that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two (2) copies to the Clerk of the United States District Court for the Eastern District of Virginia at one of the following addresses:

    If you were sentenced in…
    …Alexandria, use this address: 401 Courthouse Square, Alexandria, VA 22314
    …Richmond, use this address: 701 East Broad St., Suite 3000, Richmond, VA 23219-3528
    …Norfolk/Newport News, use this address: 600 Granby St., Norfolk, VA 23510

9. **<u>CAUTION:</u> You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **<u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 243 (Rev. 01/15)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Eastern District of Virginia | |
|---|---|---|
| Name (under which you were convicted):<br>James H. Roane, Jr. | | Docket or Case No.:<br>3:92cr068-3 |
| Place of Confinement:<br>USP Terre Haute | | Prisoner No.:<br>32923-083 |
| UNITED STATES OF AMERICA<br><br>James H. Roane, Jr. | V. | Movant (include name under which convicted) |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging: _____

   United States District Court for the Eastern District of Virginia, Richmond Division

   (b) Criminal docket or case number (if you know): 3:92cr068-3

2. (a) Date of the judgment of conviction (if you know): February 3, 1993

   (b) Date of sentencing: June 1, 1993

3. Length of sentence: Death

4. Nature of crime (all counts): Conspiracy, 21 U.S.C. § 846; continuing criminal enterprise, 21 U.S.C. § 848; murder in furtherance of CCE, 21 U.S.C. § 848(e)(1)(A) (three counts); use of firearm in crime of violence or drug trafficking crime, 18 U.S.C. § 924(c) (four counts); violent crime in aid of racketeering, 18 U.S.C. § 1959 (five counts); possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1)

5. (a) What was your plea? (Check one)

   (1) Not guilty ☑      (2) Guilty ☐      (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to? _____

AO 243 (Rev. 01/15)

6.  If you went to trial, what kind of trial did you have?  (Check one)     Jury ☑     Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☑

8.  Did you appeal from the judgment of conviction?     Yes ☑     No ☐

9.  If you did appeal, answer the following:

    (a) Name of court:  Fourth Circuit Court of Appeals

    (b) Docket or case number (if you know):  93-4007; 93-4009

    (c) Result:  Affirmed in part, vacated and remanded in part.

    (d) Date of result (if you know):  July 8, 1996

    (e) Citation to the case (if you know):  United States v. Tipton, 90 F.3d 861 (4th Cir. 1996)

    (f) Grounds raised:  See addendum.

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☑     No ☐

        If "Yes," answer the following:

        (1) Docket or case number (if you know):  96-7639

        (2) Result:  Petition denied.

        (3) Date of result (if you know):  June 2, 1997

        (4) Citation to the case (if you know):  Roane v. United States, 520 U.S. 1253 (1997)

        (5) Grounds raised:  See addendum.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☑     No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:  United States District Court, Eastern District of Virginia

(2) Docket or case number (if you know): 92CR68

(3) Date of filing (if you know): June 1, 1998

(4) Nature of the proceeding: Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255

(5) Grounds raised: Prosecutorial misconduct; discrimination against women in selection of jury; the jury was improperly tainted; ineffective assistance of counsel; denial of right to justice discrimination; the trial court failed to properly instruct the jury on the CCE statute; denial of Fifth Amendment right to indictment by grand jury

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☑        No ☐

(7) Result: Motion granted in part; overturned on appeal

(8) Date of result (if you know): May 1, 2003 (district court); August 9, 2004 (appeal)

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: Fourth Circuit Court of Appeals

(2) Docket of case number (if you know): 09-8

(3) Date of filing (if you know): August 6, 2009

(4) Nature of the proceeding: Motion for leave to file successive motion pursuant to 28 U.S.C. § 2255

(5) Grounds raised: Ineffective assistance of counsel; actual innocence

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes ☐        No ☑

(7) Result: Motion denied

(8) Date of result (if you know): July 13, 2010

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:        Yes ☑        No ☐

(2)  Second petition:       Yes ☐        No ☑

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Denial of authorization to file a successive motion pursuant to 28 U.S.C. § 2255 is not appealable.

28 U.S.C. § 2244(b)(3)(E); 28 U.S.C. § 2255(h).

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:**   Movant's convictions under 18 U.S.C. § 924(c) are now void following the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019).

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Movant was convicted of four counts under 18 U.S.C. § 924(c), the residual clause of which the Supreme Court has now held void for vagueness, and his convictions should therefore be vacated.

(b)  **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:  The issue is based on a new rule of law announced in 2019.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 243 (Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 243 (Rev. 01/15)

(b) **Direct Appeal of Ground Two:**

    (1)   If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐      No ☐

    (2)   If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

    (1)   Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐      No ☐

    (2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3)   Did you receive a hearing on your motion, petition, or application?

        Yes ☐      No ☐

    (4)   Did you appeal from the denial of your motion, petition, or application?

        Yes ☐      No ☐

    (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐      No ☐

    (6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

AO 243 (Rev. 01/15)

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 243 (Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

AO 243 (Rev. 01/15)

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ground One has not previously been presented in federal court because it is based on a new rule of

law announced by the Supreme Court in 2019 and made retroactive to cases on collateral review.

Movant filed a timely motion for authorization to file a successive motion pursuant to 28 U.S.C. § 2255(h)

in the Fourth Circuit on May 22, 2020, which was granted.

14.   Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?          Yes ☑          No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

issues raised.   Fourt Circuit Court of Appeals, No. 20-14. Appeal of the District Court's denial of

movant's motion for resentencing consideration pursuant to the First Step Act is currently pending.

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:   David Baugh, 2025 E. Main St., Ste. 114, Richmond, VA 23223

(b) At the arraignment and plea:     David Baugh, 2025 E. Main St., Ste. 114, Richmond, VA 23223

(c) At the trial:   David Baugh, 2025 E. Main St., Ste. 114, Richmond, VA 23223

(d) At sentencing:  David Baugh, 2025 E. Main St., Ste. 114, Richmond, VA 23223

(e) On appeal:  Paul Enzinna, 1050 30th St. NW, Washington, DC 20007

(f)  In any post-conviction proceeding:  Paul Enzinna, 1050 30th St. NW, Washington, DC 20007; Federal

Community Defender Office, Eastern Dist. of Penn., 601 Walnut St., Ste. 545 W, Philadelphia PA 19106

(g)  On appeal from any ruling against you in a post-conviction proceeding:  Paul Enzinna, 1050 30th St. NW,

Washington, DC 20007; Federal Community Defender Office, Eastern Dist. of Penn.,

601 Walnut St., Ste. 545 W, Philadelphia PA 19106

16.  Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court
and at the same time?         Yes ☑          No ☐

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are
challenging?         Yes ☐          No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:



(b)  Give the date the other sentence was imposed:

(c)  Give the length of the other sentence:

(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or
sentence to be served in the future?         Yes ☐          No ☐

AO 243 (Rev. 01/15)

18.  TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This motion is not barred because it is based on a new rule of law announced by the Supreme Court in 2019 and made retroactive to cases on collateral review. Movant filed a timely motion for authorization to file a successive motion pursuant to 28 U.S.C. § 2255(h) in the Fourth Circuit on May 22, 2020, which was granted.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)  the date on which the judgment of conviction became final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Vacate his convictions and sentences on the invalid charges under 18 U.S.C. § 924(c)

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ___Feb. 10, 2022___ .
(month, date, year)

Executed (signed) on ___2 - 10 - 22___ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

_____

_____

_____

Addendum

9.(f)

1. Whether the district court's plain error in conducting voir dire outside the defendants' presence requires reversal.

2. Whether the district court erred in excluding for cause venire members who expressed reservations about the death penalty but did not state that they were "irrevocably committed" to vote against the death penalty or that their views would "prevent or substantially impair" their ability to follow the court's instructions.

3. Whether the district court improperly treated venirepersons differently, depending upon the views they expressed toward capital punishment.

4. Whether the district court abused its discretion in limiting voir dire on issues relating to racial prejudice to a single conclusory question.

5. Whether the district court abused its discretion in refusing to conduct or permit voir dire on issues relating to the specific mitigating and aggravating factors the jury would be asked to consider.

6. Whether the prosecution exercised its peremptory strikes so as to deliberately exclude women from the jury.

7. Whether the district court abused its discretion in denying Mr. Roane's motion to sever his trial from that of his codefendants.

8. Whether the district court erred in denying Mr. Roane's motion to exclude evidence regarding the New Jersey activities of his codefendants or, alternatively, his request for an instruction that the jury not consider this evidence against Mr. Roane.

9. Whether the district court erred in refusing to instruct the jury, notwithstanding the government's charge, it could find that not one but three conspiracies had been prove, only one of which included Mr. Roane.

10. Whether Mr. Roane's "Continuing Criminal Enterprise" ("CCE") conviction must be reversed because the prosecution failed to prove, as required by the statute, that Mr. Roane committed a "continuing series of violations" or that he "organize[d], supervise[d] or manage[d]" five or more persons in the alleged CCE.

11. Whether the district court committed plain error in failing to instruct the jury of the elements of 21 U.S.C. § 848(a).

12. Whether the district court committed plain error in instructing the jury that, in determining whether or not James Roane "engaged" in a CCE, it could consider murders that were allegedly committed "in furtherance" of the CCE and that were not charged as part of the "continuing series of narcotics violations."

13. Whether the district court erred in failing to advise the jury that in order to convict Mr. Roane of having engaged in a CCE, it must unanimously agree on how each element of the CCE was satisfied as to Mr. Roane.

14. Whether reversal of Mr. Roane's conviction on Count Two is required because the prosecution failed, in the indictment or otherwise, to specify the facts underlying the CCE charge against him.

15. Whether the district court committed plain error in failing to instruct the jury that in order to convict Mr. Roane on capital murder, it was required to find that a nexus existed between the murders and the CCE.

16. Whether Mr. Roane's conviction under 21 U.S.C. § 848(e) for the murder of Douglas Moody must be reversed because there was insufficient evidence of a nexus between that murder and the CCE.

17. Whether Mr. Roane's conviction under 18 U.S.C. § 1959 must be reversed because the prosecution failed to prove that the attacks alleged in those counts were committed while "engaged in racketeering activity."

18. Whether the district court committed plain error in failing to instruct the jury on an essential element of 18 U.S.C. § 1959—i.e., that the government has proven the existence of a RICO enterprise—and whether the prosecution adequately proved this element.

19. Whether a new trial is required because, contrary to 18 U.S.C. §3432 and the district court's order, the prosecution improperly withheld from the defense the addresses of critical prosecution witnesses.

20. Whether a new trial is required because the prosecution improperly interfered with defense counsel's attempts to interview critical prosecution witnesses.

21. Whether the district court abused its discretion in refusing to permit defense counsel to elicit from prosecution witnesses their refusal to meet with or be interviewed by defense counsel.

22. Whether the district court abused its discretion in refusing to excuse a juror who had read a newspaper article describing efforts the defendants allegedly made while incarcerated to have prosecution witnesses killed.

23. Whether the district court erred in denying appellants' motions to dismiss the indictment on the ground that the court could not ensure their statutory "right…to justice without discrimination."

24. Whether, if this Court affirms defendants' CCE convictions, the Double Jeopardy Clause requires the Court to vacate their conspiracy convictions.

25. Whether the district court abused its discretion in refusing to grant defendants' motions for separate sentencing trials.

26. Whether the (n)(8) statutory aggravating factor, which applies to murders committed after "substantial planning and premeditation," is unconstitutionally vague, both on its fact and as applied by the district court in this case.

27. Whether the district court committed plain error in failing to instruct the jury that under (n)(8) "substantial…premeditation" requires more than a finding of intentional killing.

28. Whether the government failed to adduce evidence sufficient to permit this Court, under 18 U.S.C. § 848(q)(3)(B), to affirm the jury's finding that Mr. Roane murdered Douglas Moody after "substantial planning and premeditation."

29. Whether the (n)(1) statutory aggravating circumstance is constitutional, both on its fact and as applied in this case, because it improperly designates as an "aggravating" factor weighing in favor of death a finding which the Eighth Amendment requires as a prerequisite to any death sentence.

30. Whether the district court created a constitutionally unacceptable bias in favor of death by instructing the jury that it could find the existence of all four mental states specified in Section 848(n)(1) simultaneously as to every capital offense, and weigh those in favor of death.

31. Whether the district court erred in defining the term "intentionally killed," as that term is used in Section 848(n)(1), to include principles of vicarious liability, which are inapplicable in capital sentencing.

32. Whether the district court erred in refusing to define "reasonable doubt" for the jury at the sentencing phase of the trial.

33. Whether the prosecution's designation of the defendants' supposed "substantial criminal history[ies]" as an aggravating factor, and the district court's failure to define those terms, violated the Eighth Amendment.

34. Whether the government failed to adduce evidence sufficient to permit this Court, under 21 U.S.C. § 848(q)(3)(B), to affirm the jury's finding that the defendants had "substantial criminal history[ies]."

35. Whether Section 848 unconstitutionally delegates legislative power to the executive and increases arbitrariness in capital sentencing by vesting prosecutors with unlimited discretion to create nonstatutory aggravating factors.

36. Whether the district court's refusal to exclude evidence introduced by the prosecution at the penalty phase in support of its specified aggravating factors requires reversal when the prosecution violated both the notice provision of Section 848(j) and the district court's orders by failing to provide pretrial notice of this evidence and when the evidence was unrelated to any specified aggravating factor.

37. Whether Mr. Raoen's sentence must be reversed under Section 848(q)(3)(B) because the jury failed to find, notwithstanding unrebutted evidence, that James Roane had an I.Q. of approximately 85.

38. Whether the district court erred in refusing to instruct the jury that the defendants' mental and neurological impairments could be considered only as mitigating factors.

39. Whether the prosecution's arbitrary abandonment of its avowed intention to seek the death penalty against the defendants' "partner," after the defendants were sentenced, requires resentencing.

9.(g)(5)

1. Whether the Fourth Circuit erred in affirming petitioner's federal conviction and death sentence even though petitioner was excluded from virtually all of the three-day voir dire of his jury and was unable to hear any prospective juror's response to any questions posed by the court or counsel on the critical matters of bias and attitudes toward the death penalty.

2. Whether the Fourth Circuit erred in affirming petitioner's death sentence despite having concluded that the jury was improperly permitted to find and weigh multiple, duplicative intent-related aggravating factors as set forth in 21 U.S.C. § 848(n)(1)—an error that invalidated three of the five statutory aggravating factors on which the sentence rests.

3. Whether the Fourth Circuit erred in holding the aggravating factor defined by 21 U.S.C. § 848(n)(1) to be valid despite recognizing that the (n)(1) aggravator represents a thumb on the scales in favor of death that will apply to every death-eligible defendant.

4. Whether the Fourth Circuit erred in affirming the trial court's instructions concerning the "substantial planning and premeditation" aggravating factor set forth in 21 U.S.C. § 848(n)(8) and in holding that that factor was properly applicable to a murder where the evidence did not establish a heightened degree of planning and premeditation.

11. (continued)

(c)(1) Name of court:  United States Supreme Court

(2) Docket or case number:    10-7304

(3) Date of filing:      October 8, 2010

(4) Nature of the proceeding: Petition for writ of habeas corpus

(5) Grounds raised:    Actual innocence; right to an evidentiary hearing to demonstrate ineffective assistance of counsel

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? No

(7) Result:      Petition denied.

(8) Date of result:      October 3, 2011

(d)(1) Name of court:  Fourth Circuit Court of Appeals

(2) Docket or case number:    16-6

(3) Date of filing:      May 20, 2016

(4) Nature of the proceeding: Motion for leave to file successive motion pursuant to 28 U.S.C. § 2255

(5) Grounds raised:    Movant's convictions under 18 U.S.C. § 924(c) are invalid following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015).

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? No

(7) Result:      Motion denied.

(8) Date of result:      June 6, 2016


(e)(1) Name of court:  United States District Court, Eastern District of Virginia

(2) Docket or case number:    3:92-cr-68

(3) Date of filing:      July 22, 2020

(4) Nature of the proceeding: Motion for reduced sentence pursuant to First Step Act

(5) Grounds raised:    Request for resentencing consideration

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? No

(7) Result:      Motion denied.

(8) Date of result:      October 29, 2020