# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

THE UNITED STATES OF AMERICA　　:
　　　　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:　　Crim. No. 3:92CR68-03
JAMES H. ROANE, JR.　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:

---

**UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT OR AMEND MOTION TO VACATE CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255**

---

Pursuant to Federal Rules of Civil Procedure 15(d) and 15(a), James H. Roane, Jr., through undersigned counsel, respectfully moves for leave to supplement or amend his motion to vacate conviction and sentence pursuant to 28 U.S.C. § 2255 (Motion to Vacate). *See* Exhibit 1, Amended Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255. Mr. Roane's Motion to Vacate was submitted nearly two years ago as an attachment to his application to the Fourth Circuit for leave to file a successive motion under § 2255 pursuant to the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), which was recently granted. Mr. Roane seeks to amend his Motion to Vacate to reflect the current state of the law on this issue. In support of this motion, Mr. Roane states as follows:

## PROCEDURAL BACKGROUND

Mr. Roane was convicted in 1993 of several counts, including the four § 924(c) counts at issue in his Motion to Vacate, five counts of violating § 1959(a) in relation to four killings and an assault in furtherance of racketeering, and three counts of violating § 848(e)(1)(A) in relation to three of the killings in furtherance of a continuing criminal enterprise (CCE). The Fourth

Circuit affirmed.  *See United States v. Tipton*, 90 F.3d 861, 869-70 (4th Cir. 1996).  The Supreme Court denied certiorari.  *Roane v. United States*, 520 U.S. 1253 (1997).

On May 20, 2020, Mr. Roane applied to the Fourth Circuit for leave to file a successive motion under § 2255 pursuant to the Supreme Court's holding in *Davis*, 139 S. Ct. at 2336.  On July 15, 2020, the Court placed the matter in abeyance pending the disposition of *United States v. Taylor*, No. 19-7616.  Order, *In re Roane*, No. 20-7 (4th Cir. July 15, 2020).  The Court subsequently ordered the parties to submit additional briefing addressing Mr. Roane's application in light of the Court's decision in *United States v. Ali*, 991 F.3d 561 (4th Cir. 2021).  Order, *In re Roane*, No. 20-7 (4th Cir. Aug. 23, 2021).  On January 24, 2022, the Court granted Mr. Roane's application.  Order, *In re Roane*, No. 20-7 (4th Cir. Jan. 24, 2022).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amendments and supplements to habeas pleadings.  *See* 28 U.S.C. § 2242 (stating a habeas petition may be amended in accordance with the rules of procedure applicable to civil actions).  A party may amend its pleading once as a matter of course at any time before a responsive pleading s served.  *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course…if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading…"); *see also* Fed. R. Civ. P. 15(a)(2) (noting court "should freely give leave [to amend] when justice so requires"); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

## ARGUMENT

As the Government has not yet filed a responsive pleading, Mr. Roane is entitled to this first amendment of his pleading.  *See* Fed. R. Civ. P. 15(a)(1), (2); *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010).

Moreover, amendment is appropriate in the interest of judicial economy.  Mr. Roane submitted his proposed Motion to Vacate as an attachment to his timely application for authorization to the Fourth Circuit nearly two years ago.  Since that time, the law of this circuit and of other courts applying *Davis*—a new rule of law announced by the Supreme Court just three years ago—has continued to develop.  Interests of judicial economy therefore favor the parties' being permitted to submit briefing that addresses up-to-date case law on this issue.

Finally, the Government will not be prejudiced by amendment.  Mr. Roane submits his amended motion simultaneously with his original proposed Motion to Vacate pursuant to this Court's scheduling order.  The Government has indicated it does not oppose this motion to amend.

## CONCLUSION

For all of the foregoing reasons, Mr. Roane respectfully requests that the Court grant his motion for leave to supplement or amend his Motion to Vacate.

Respectfully submitted,

/s/ Bernadette Donovan
Bernadette Donovan
Donovan & Engle
1134 East High St. Unit A
Charlottesville, VA 22902
(800) 428-5214
bernadette@donovanengle.com

3

Counsel for James H. Roane, Jr.

Dated:  Feb. 18, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I served the foregoing pleading and the attachments

thereto on the following by ECF filing:

Richard D. Cooke
United States Attorney for the Eastern District of Virginia
919 E. Main St.
Suite 1900
Richmond, VA  23219


/s/ Bernadette Donovan
Bernadette Donovan


Dated:  Feb. 18, 2022