**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Crim. No. 3:92CR68 |
| v. | : | |
| | : | |
| JAMES H. ROANE, JR. | : | |
| | : | |

**REPLY IN SUPPORT OF MOTION TO VACATE CONVICTION
AND SENTENCE PURSUANT TO 28 U.S.C. § 2255**

James H. Roane, Jr., through counsel, respectfully files the instant Reply in support of his

Amended Motion to vacate the convictions entered against him pursuant to 18 U.S.C. § 924(c)

on Counts 6, 9, 12, and 15 and their attendant sentences in light of the Supreme Court's decisions

in *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Borden*, 141 S. Ct. 1817

(2021). For the reasons discussed herein, the arguments in the Government's Response are

unavailing.

### I.     MR. ROANE'S CLAIM IS NOT PROCEDURALLY DEFAULTED.

The Government's extensive argument that Mr. Roane's claim is procedurally defaulted

because he did not raise it before his convictions became final is groundless.

**A.  Mr. Roane's claim is not defaulted because it is based on a new rule of constitutional
law that was previously unavailable.**

The plain language contained in 28 U.S.C. § 2255(h) lays out the requirements for the

two situations in which successor motions are permitted. Relevant to Mr. Roane's claims, §

22559(h)(2) permits a successor claim if it is based on "(1) [] a new rule of constitutional law (2)

made retroactive to cases on collateral review (3) by the Supreme Court (4) that was previously

unavailable." *In re Thomas*, 988 F.3d 783, 790 (4th Cir. 2021) ("*Davis* announced a new

1

substantive rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court and that was previously unavailable.").

As recently as April 20, 2022, the Fourth Circuit held in *United States v. Jackson* that, because *Davis* established a new rule of constitutional law made retroactive on collateral review, a petitioner's claim under *Davis* was not barred by procedural default for failure to have raised the issue on direct review. *See* 32 F.4th 278, 283 n.3 (4th Cir. 2022). The Government concedes that it lost the same argument in *Jackson* that it makes here, and suggests in its Response to *this* Court only that other panels of the Fourth Circuit are not bound by the *Jackson* panel's decision. Response at 13 n.4. This Court is, however, bound by the precedent established in *Jackson*.

**B.  There Is Cause and Prejudice, and Actual Innocence, to Excuse Any Possible Default.**

Even if his claim was procedurally defaulted – which it is not – Mr. Roane can establish cause and prejudice to excuse any such default. In *United States v. Bennerman*, the Fourth Circuit rejected the government's contention that the petitioner's force clause argument was subject to procedural default because he failed to raise it on direct appeal. *See* 785 F. App'x 958, 963 (4th Cir. 2019) (unpublished). The court held that petitioner's argument "wasn't reasonably available before the change in law wrought by *Johnson*." *Id.* (relying on *Reed v. Ross*, 468 U.S. 1, 14, 16 (1984)). In so holding, the Fourth Circuit noted, "[o]ur sister circuits have entertained procedurally defaulted *Johnson* claims due to their previous unavailability, and we conclude that this approach is applicable here." *Id.* (citing *Lassend v. United States*, 898 F.3d 115, 122-23 (1st Cir. 2018); *Cross v. United States*, 892 F.3d 288, 294-96 (7th Cir. 2018); *United States v. Snyder*, 871 F.3d 1122, 1127 (10th Cir. 2017)). This reasoning applies with equal force to cases challenging convictions under § 924(c) following *Davis*.  *See also Jackson*, at *2 n.3.

Mr. Roane was prejudiced because, without the residual clause, he would not have been found guilty of the §924(c) offenses. The question here is not whether Mr. Roane was guilty of the predicate offenses themselves, as the Government seems to suggest, but whether he was guilty of the § 924(c) crimes. He was not. Several of the listed predicate crimes are not crimes of violence under the force clause and so cannot provide a basis for conviction under § 924(c). Further, there is insufficient evidence that a jury would have found (or even considered) that the remaining valid drug-trafficking crime was committed using a firearm. Because his conduct no longer constitutes a crime under § 924(c), Mr. Roane was certainly prejudiced when he was convicted under the now-unconstitutional residual clause.

Moreover, Mr. Roane is actually innocent of his § 924(c) convictions, and his actual innocence excuses any procedural default. *See*, *e.g.*, *United States v. Adams*, 814 F.3d 178, 183 (4th Cir. 2016) (petitioner was actually innocent of his felon-in-possession conviction because intervening circuit precedent established that he was no longer a felon); *United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019); *United States v. Reece*, 938 F.3d 630 (5th Cir. 2019). Mr. Roane is actually innocent of his § 924(c) convictions because the only predicate offense that remains valid following *Davis* and *Borden* is a drug-trafficking offense that was not committed by use of a firearm. Thus, his actual innocence also overcomes any procedural default.  *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928, 1931 (2013) ("actual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass" when the impediment is a procedural bar).

## II.    MR. ROANE'S § 924(c) CONVICTIONS ON COUNTS 6, 9, 12, AND 15 ARE INVALID FOLLOWING *DAVIS*.

As described in his Amended Motion and herein, following *Davis* and now *Borden*, Mr. Roane's convictions under § 1959(a) and § 848(e) no longer constitute valid predicate crimes of violence under the force clause. Moreover, the error here was not harmless because the § 924(c)

convictions rested on the now-invalid predicates rather than on the remaining valid drug-trafficking predicate, which it is virtually certain the jury did not rely on as the basis to convict Mr. Roane under § 924(c). There was little or no evidence that firearms were used in the commission of the § 848(a) drug-trafficking offense. It is unlikely that the jury, when confronted with the complicated decisions it had to make in this case and the clear evidence that firearms were used in connection with the other predicate crimes, would have deliberated even briefly on the issue of whether Mr. Roane had used a firearm to commit the § 848(a) offense. Mr. Roane's § 924(c) convictions must therefore be vacated.

### A. Mr. Roane's predicate convictions under § 1959(a) and § 848(e) are not crimes of violence following *Davis* and *Borden*.

#### 1. The § 1959(a) convictions are not crimes of violence.

As Mr. Roane explained in his Amended Motion, his convictions under § 1959(a) do not constitute crimes of violence because a person can be convicted under § 1959(a) based on a determination that he *conspired to* commit the principal offense. Am. Mot. at 15-16.  Mr. Roane's jury was so instructed. *Id.* It is well settled that conspiracy fails to qualify as a crime of violence because it can be committed without the use of any physical force. *See, e.g., United States v. Simmons*, 11 F.4th 239, 260 (4th Cir. 2021) (aggravated "RICO conspiracy is not categorically a crime of violence"); *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (conspiracy to commit Hobbs Act robbery is not a crime of violence). Accordingly, the Fourth Circuit has held that conspiracy to commit murder in aid of racketeering under § 1959(a) is not a crime of violence, as defined by the force clause of § 924(c)(3)(A). *United States v. McCollum*, 885 F.3d 300, 307-09 (4th Cir. 2018); *see also Quinteros v. Attorney General of the United States*, 945 F.3d 772, 783 (3rd Cir. 2019) (conspiracy under § 1959(a) is not a crime of violence because an individual can be convicted "without the use, attempted use, or threatened use of

4

physical force"). Because the categorical approach requires this Court to assume that Mr. Roane's § 1959(a) convictions rested on the most innocent conduct charged under the statute – conspiracy – the § 1959(a) convictions do not constitute crimes of violence and cannot serve as the predicates upon which Mr. Roane's § 924(c) convictions rest. The Government makes no attempt to rebut this point.

The Government instead argues that these convictions are still valid predicates because the underlying offenses of murder are crimes of violence. This ignores the categorical approach, which requires this Court to determine whether "the most innocent conduct" criminalized by the statute "qualifies as a 'crime of violence.'" *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (under the categorical approach, "we must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized" (quoting *Johnson*, 559 U.S. at 137)).

Even assuming, arguendo, that Mr. Roane's § 1959 counts were predicated on murder itself rather than conspiracy, they still fail to qualify as crimes of violence because they fail to satisfy the *mens rea* requirement announced in *Borden v. United States*, 141 S. Ct. 1817 (2021), that the killing must involve a mental state greater than negligence or recklessness.

As discussed in his Amended Motion, Mr. Roane's § 1959(a) convictions fail to meet the requisite *mens rea* requirement announced in *Borden* because the indictment under which Mr. Roane was charged is devoid of reference to any murder statute to which the categorical approach could be applied. Am. Mot. at 17. And even if Mr. Roane's § 1959(a) convictions rested on the federal murder statute, 18 U.S.C. § 1111 (despite the fact that the indictment and record never mention this), that statute is not categorically a crime of violence because it encompasses felony murder, which does not require the intentional use of force. *See, e.g., Jackson*, 32 F.4th at 285 ("Felony murder cannot qualify as a 'crime of violence' because it

requires only the mens rea necessary to attempt or complete the underlying felony…[which] is not more than recklessness and thus, does not satisfy *Borden*."); *see also United States v. Fleming*, 739 F.2d 945, 947-48 (4th Cir. 1984) (The "malice aforethought" element of § 1111 requires only evidence of conduct that is "reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm."). Indeed, § 1111 can be committed by virtue of any of a number of felonies that result in death, and which the courts have determined are not crimes of violence. *Id*. The Government's arguments to the contrary rely entirely on cases that predate Borden and, unlike here, reference a specific state or federal statute as being the basis for the VICAR crime, and are thus inapposite.  Resp. at 17-19.

2. **The § 848(e) convictions for which Mr. Roane was prosecuted were pursued as crimes of violence, not drug-trafficking crimes, and are, therefore, not valid predicates.**

The Government's argument – that the crimes for which Mr. Roane was prosecuted under § 848(e) are valid predicates because they are drug-trafficking crimes and not "crimes of violence" – ignores Fourth Circuit precedent. *See* Resp. at 14. The Government concedes that whether a predicate offense is properly classified as a drug-trafficking or violent crime is a question of law for a court. *Id*. In fact, courts *have* found that § 848(e) is a "crime of violence." *See United States v. Turner*, 198 F.3d 425, 432 (4th Cir. 1999) (concluding that § 848(e)(1)(A) is "a substantive crime of violence"); *United States v. NJB*, 104 F.3d 630, 635 (4th Cir. 1997) ("§ 848(e) clearly sets forth a separate substantive violent offense"). The language the Government takes from the direct appeal opinion, that the killings were "in relation" or "linked" to drug-trafficking, Resp. at 26, does not mean that the § 848(e) crimes were themselves drug-trafficking

6

crimes. Money laundering or tax evasion, for example, may be "related" to drug-trafficking, but that does not make them drug-trafficking crimes.

**3.  The § 848(e) crimes are not valid crimes of violence post-*Borden* because they do not require a *mens rea* of specific intent.**

As with Mr. Roane's § 1959(a) convictions, and as explained in Mr. Roane's successive § 2255 motion, the § 848(e) convictions also fail to satisfy the *mens rea* requirement announced in *Borden*. Mr. Roane's § 848(e) convictions involve killing which can be committed without specific intent. *See, e.g., United States v. Alvarez*, 266 F.3d 587, 594-95 (6th Cir. 2001) (permitting a jury instruction for § 848(e) that included a *mens rea* of recklessness creating grave risk of death). Because § 848(e) can be committed without specific intent, *Borden* tells us it is not categorically a crime of violence.

The Government makes the bizarre and blatantly wrong statement that "[t]he Fourth Circuit has repeatedly held that an offense that requires proof of a murder satisfies § 924(c)(3)." Resp. at 15 (citing *Jackson*, 32 F.4th 278; *United States v. Roof*, 10 F.4th 314 (4th Cir. 2021); *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019); and *In re Irby*, 858 F.3d 231 (4th Cir. 2017)). But it makes no difference under the force clause how any other statute is characterized. All that matters in determining whether a particular statute satisfies the force clause is the most innocent conduct by which a person may be found guilty of committing it. None of the cases cited by the Government – *Jackson, Roof, Mathis* or *Irby* – addressed a killing defined by § 848(e).

Moreover, none of the other offenses at issue in the cited cases can be committed with a *mens rea* less than specific intent. *Jackson* focused on whether 18 U.S.C. § 1111 is a divisible

statute before finding that premeditated first-degree murder satisfies the force clause.[1]  32 F.4th at 285-87. *Roof* involved "willfully caus[ing] bodily injury" resulting in death, pursuant to 18 U.S.C. § 249(a)(1). 10 F.4th at 400-02. *Mathis* involved commission of VICAR by committing first-degree murder under Virginia law, which requires the "willful, deliberate, and premeditated" killing of another. 932 F.3d at 265. *Irby* involved second-degree retaliatory murder under 18 U.S.C. § 1513(a)(1)(B), which requires "kill[ing] or attempt[ing] to kill another person with intent to retaliate." 858 F.3d at 234.[2] Each of these crimes requires specific intent and nothing less than specific intent.

By contrast, killings under § 848(e) can be committed recklessly with "grave risk" of harm. *See* Am. Mot. at 23. As *Borden* made clear, offenses that can be committed with a *mens rea* of recklessness simply do not qualify as crimes of violence under the force clause.[3]

**B.  The Government fails to address – because it cannot – the fact that, while Mr. Roane committed a drug offense punishable under § 848(a), the record contains no real evidence that this crime was perpetrated *with the use of a firearm*, or that the jury deliberated over this issue.**

The Government's argument – that after *United States v. Said*, 26 F.4th 653 (4th Cir. 2022), one valid predicate is all that is necessary to undergird a § 924(c) conviction when other predicates have been invalidated – overlooks a critical fact. That is, for a § 924 (c) conviction to be valid, the underlying *valid* predicate must have been committed using a firearm. In *Said*, the Fourth Circuit held that a movant whose § 924(c) convictions rest alternately on valid and

---

[1] *Jackson* also acknowledged that felony murder under § 1111 does not satisfy the force clause because it does not require a *mens rea* greater than recklessness.  32 F.4th at 285.

[2]   Both *Irby* and *Mathis* also pre-date *Borden*.

[3]   The Government does not acknowledge that the public *benefits* from having criminal statutes that allow federal prosecutors to convict defendants of the underlying predicate crimes on findings of *mens rea* less than specific intent.  Were it not for these lower *mens rea* requirements, the Government would have a harder time charging and prosecuting defendants for many of these federal crimes in the first instance.

invalid predicates "must show more than a reasonable possibility that the jury *only* found him guilty on [the § 924(c) counts] because it improperly considered [the now-invalid counts] to be crimes of violence," *id.* at 662, but the Court "d[id] not hold that a challenge such as Said's will *never* succeed," *id.* at 664 (emphasis added). The Court merely found that Said had "pointed to nothing to eliminate the commonsense prospect that the jury relied on one or more of the valid predicates." *Id.*

Mr. Roane's case presents a very different situation. Here, there was little to no evidence that firearms were used in the commission of the drug-trafficking itself – the sole remaining valid predicate. This contrasts sharply with evidence that Mr. Roane's codefendants used firearms in connection with the killings that served as the *invalid* predicates. It is, therefore, highly likely that the jury never took up the question whether Mr. Roane used a firearm in the commission of the § 848(a) offenses at all, because it could so easily have reached a unanimous verdict on one of the other charged predicates. If the jury did consider whether the drug-trafficking itself was committed with use of the firearm, it is unlikely the jurors would have decided that issue unanimously and beyond a reasonable doubt. And the Government provides no citation to the record demonstrating the jury would have made such a finding.

In similar cases in which the Second and Fifth Circuits granted vacatur when a § 924(c) conviction rested on both valid and invalid predicates, the courts may have used somewhat less restrictive language than the Fourth Circuit did in *Said*, asking if the valid and invalid predicate offenses were "intertwined," but the issue boils down to the same thing: where the evidence of use of a firearm with regard to a valid predicate is genuinely in question, the courts are compelled to grant relief. *See, e.g., United States v. Laurent*, __F.4th__, 2022 WL 1217395, at *15 (2d Cir. 2022) (vacating § 924(c) conviction because "[w]e cannot be [] confident that a

properly instructed jury would have convicted" the defendant where jury "may have based" its § 924(c) conviction on an invalid predicate); *United States v. Heyward*, 3 F.4th 75, 84 (2d Cir. 2021) (vacating § 924(c) convictions where valid and invalid predicates were not "inextricably intertwined"); *United States v. Capers*, 20 F.4th 105, 125 (2d Cir. 2021) (vacating § 924(c) conviction where invalid RICO conspiracy and valid narcotics conspiracy predicates were not "intertwined"); *United States v. McClaren*, 13 F.4th 386, 413-14 (5th Cir. 2021) (vacating § 924 convictions where invalid RICO conspiracy predicate "involved acts of violence going beyond the [valid] drug conspiracy"); *United States v. Jones*, 935 F.3d 266 (5th Cir. 2019) (vacating § 924(c) convictions where "the [invalid] RICO conspiracy offense encompassed conduct beyond the [valid] controlled-substance conspiracy").

The same calculus is at work here – the drug crimes did not clearly involve the use of firearms, while the (now invalid) crimes of violence did. There is thus a reasonable probability the jury never even considered whether the drug offense had been committed using a firearm. If the jury had considered the issue, without the presence of the invalid predicates to muddle its thinking, there is little reason to think, based on the evidence introduced at trial, that it would have convicted Mr. Roane of using a firearm in the perpetration of the § 848(a) offense.

## III.    CONCLUSION

For all the reasons set forth above and in his Amended Motion, Mr. Roane respectfully asks this Court to vacate his convictions and sentences on Counts 6, 9, 12, and 15, the invalid charges under 18 U.S.C. § 924(c).

Respectfully Submitted,

/s/ Bernadette Donovan
Bernadette Donovan
Donovan & Engle
1134 East High St. Unit A
Charlottesville, VA 22902
(800) 428-5214
bernadette@donovanengle.com


/s/ Joanne Heisey
Joanne Heisey
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Joanne_Heisey@fd.org


Counsel for James H. Roane, Jr.

Dated: May 27, 2022

11

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I served the foregoing pleading and the attachments

thereto on the following by ECF filing:

Richard D. Cooke
United States Attorney for the Eastern District of Virginia
919 E. Main St.
Suite 1900
Richmond, VA  23219


/s/ Bernadette Donovan
Bernadette Donovan


Dated:  May 27, 2022

12